IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 19-182-M-DLC-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Richard Gillingham's motion for immediate release. Gillingham is a state prisoner proceeding *pro se*. He belatedly paid the $5.00 filing fee on December 19, 2019. *See* Order (Doc. 4) at 1; Docket Entry Dec. 19, 2019.

Following revocation of his probation in 2005, Gillingham is serving a sentence at Montana State Prison. *See* Findings and Recommendation at 1–3, *Gillingham v. Kirkegard*, No. CV 13-77-M-DWM-JCL (D. Mont. May 21, 2013). Because he is in custody pursuant to the judgment of a state court, he may proceed in this Court only under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Felker v. Turpin*, 518 U.S. 651, 662 (1996); *White v. Lambert*, 370 F.3d 1002, 1004–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc).

1

Once a prisoner has filed a petition under § 2254 and obtained a decision on the merits of the claims or on the application of a final procedural bar, his ability to file another petition is restricted. He may not file a petition raising claims that were available to him at the time the first petition was filed, regardless of whether his first petition contained those claims or not, unless he meets certain stringent criteria. *See* 28 U.S.C. § 2241(b)(2); *see also, e.g., Panetti v. Quarterman*, 551 U.S. 930, 943–47 (2007); *Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000); *Hill v. Alaska*, 297 F.3d 895, 897–99 (9th Cir. 2002).

Gillingham has filed several habeas petitions in this Court. The one he filed in 2012 was denied because its claims lacked merit. *See* Order (Doc. 17) at 5, *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. Sept. 21, 2012). Gillingham's current motion makes no claim that was not available to him at the time he litigated his first petition. His current motion is an unauthorized second or successive petition. This Court lacks jurisdiction to consider it unless and until the Ninth Circuit Court of Appeals authorizes Gillingham to file here. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is not warranted. The law governing jurisdiction and dismissal of the petition is well-established and not debatable. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Transfer to the Court of Appeals, *see* 28 U.S.C. § 1631, is not in the interest of justice. Gillingham's motion is time-barred and may be procedurally defaulted as well. It is also meritless because full faith and credit has no bearing on the case. Gillingham committed a crime against the laws of the State of Montana and is serving a sentence imposed by the State of Montana. The fact that he also violated the laws of British Columbia neither abates nor affects Montana's criminal judgment.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The motion for immediate release (Doc. 1) should be RECHARACTERIZED as a habeas petition under 28 U.S.C. § 2254 and DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Gillingham may object to this Findings and Recommendation within 14

days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Gillingham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 30th day of December, 2019.

Kathleen L. DeSoto
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.