FILED
JAN 31 ...
Clerk, U.S. Dis...
District Of M...
Missou...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| RICHARD W. GILLINGHAM, | CV 19–182–M–DLC–KLD |
|---|---|
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on December 30, 2019, recommending that the Court construe Petitioner Richard W. Gillingham's motion for immediate dismissal as a habeas petition under 28 U.S.C. § 2254 and dismiss the petition. (Doc. 5.) Gillingham timely filed objections to the Findings and Recommendation. (Docs. 6 & 7.) Consequently, Gillingham is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

-1-

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto determined that the Court lacks jurisdiction over Gillingham's "motion for immediate release" because it is in fact a second or successive petition for writ of habeas corpus. Gillingham objects to: (1) the construal of his motion as a 28 U.S.C. § 2254 petition, and (2) the recommendation that the petition be dismissed as second or successive. The Court overrules Gillingham's objections and adopts Judge DeSoto's Findings and Recommendation in full.

First, Gillingham is a state prisoner convicted of a state offense. He cannot seek release from state custody except through a federal habeas petition. *Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"). Thus, the Court agrees with Judge DeSoto's recommendation that the motion be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Second, Gillingham has filed several prior habeas petitions, and his 2012 petition was denied on the merits. *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. Sept. 21, 2012). He has not received authorization from the

Ninth Circuit Court of Appeals to file a new petition. 28 U.S.C. § 2244(b)(3). Moreover, he does not allege that he has claims that were previously unavailable but can now be pursued because of a change in the law or the discovery of new evidence. 28 U.S.C. § 2244(b)(2). Instead, he argues that the Court should apply equitable principles to reach the merits. The Court cannot do so. It is bound by 28 U.S.C. § 2244, and so is Gillingham. Gillingham must move in the Ninth Circuit Court of Appeals for an order authorizing the district court to consider a second or successive petition, and he must satisfy the requirements of 28 U.S.C. § 2244(b)(2) if he is to succeed. The Court will adopt Judge DeSoto's recommendation to dismiss Gillingham's petition for lack of jurisdiction.

The Court finds no clear error in the remainder of the Findings and Recommendation. It will deny a certificate of appealability, as the governing law is clear and cannot be reasonably debated. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, IT IS ORDERED:

(1) Judge DeSoto's Findings and Recommendation (Doc. 5) is ADOPTED;

(2) Gillingham's motion for immediate release (Doc. 1) is RECHARACTERIZED as a habeas petition under 28 U.S.C. § 2254 and DISMISSED for lack of jurisdiction;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 31st day of January, 2020.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court